**Lehnau v. Zim Israel Navigation Co., Ltd.**

*Charles F. Love*, for plaintiff.

*Eugene R. Lippman*, for defendant.

KUBACKI, J., June 26, 1973.—In the instant matter, plaintiff, a longshoreman, brought suit for injuries sustained during the course of his employment against the owners of the S.S. "Negba," a ship moored at Pier 3, Philadelphia, Pa. Defendant, Zim Israel Navigation Company, Ltd., now moves for summary judgment pursuant to Pennsylvania Rule of Civil Procedure 1035. This court has determined that defendant is entitled to summary judgment.

The facts in this case are as follows:

1. Plaintiff was employed by J. A. McCarthy, Inc., on October 21, 1964, in the capacity of longshoreman.

2. On October 21, 1964, plaintiff was engaged in cargo handling operations along with other longshoremen with respect to the S.S. "Negba," a cargo vessel of Israeli registry. At the time in question, he was working ashore on the pier and not aboard the ship.

3. On October 21, 1964, plaintiff sustained injuries to his left hand while attempting to move a 55-gallon drum from one wooden warehouse pallet or platform to another for transfer from the shore to the ship. While doing so, his foot fell through a broken or missing board on one of the pallets, thereby causing him to lose his balance as well as control of the drum. As a result, his left hand was pinned between the falling drum and another drum.

4. There are no allegations that the ship's officers or crew members exercised any control over the pallet, the work area or plaintiff.

The essential issue before this court is whether these facts taken in the light most favorable to plaintiff are governed by Federal maritime law and whether, therefore, plaintiff is entitled to the benefit of the warranty of seaworthiness.

This court holds that maritime law is not applicable in the instant cause of action.

In the case of Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S. Ct. 418, 30 L. Ed.2d 383 (1971), the Supreme Court held that Federal maritime law does not govern an accident suffered by a longshoreman injured on the dock by allegedly defective equipment which was owned and operated by his stevedore employer. Id. 92 S. Ct., at page 421.

The court recognized the following factors as determinative of the existence of maritime jurisdiction:

"In the present case, however, the typical elements of a maritime cause of action are particularly attenuated: respondent Law was not injured by equipment which was part of the ship's usual gear or that was stored on board, the equipment that injured him was in no way attached to the ship, the forklift was not under the control of the ship or its crew, and the accident did not occur aboard ship or on the gangplank." Id., 404 U.S. 213, 92 S. Ct. at 426.

The conclusions reached by the Supreme Court are strikingly apparent in the instant case and it is inescapable that if there is a valid cause of action here, it must lie under the law of Pennsylvania.

A review of the record, including plaintiff's complaint in negligence, his deposition and his answers to defendant's interrogatories yield a lack of factual allegations in support of a cause of action in negligence against defendant. Further, there are no factual allegations that the ship or its crew had ownership of the pier, control of the pier or knowledge of the alleged dangerous condition. See McGrath v. N. V. Reederij "Nautiek," et al., District Court Civil Action no. 70-3361 (Eastern Dist. Pa., 1971).

Since there is no genuine issue of fact to be resolved, this court is compelled to grant defendant's motion for summary judgment.

## ORDER

And now, June 26, 1973, defendant's motion for summary judgment is granted, and judgment is entered in favor of defendant and against plaintiff.